P. M. SHARPLES, Appellant, v. C. EVERETT ANGELL, Respondent.

*Check given for articles guaranteed— the burden of proving a breach of the guaranty rests on the maker of the check.*

Where the plaintiff, in an action upon a check given in part payment for goods sold by the plaintiff to the defendant, rests after proving the execution and delivery of the check, the burden of proving the breach of a guaranty accompanying the sale, entitling the defendant to repudiate the sale, and rendering the check unenforcible, is upon the defendant.

HERRICK, J., dissented.

APPEAL by the plaintiff, P. M. Sharples, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Tioga on the 17th day of July, 1899,

upon the verdict of a jury, and also from an order entered in said clerk's office on the 17th day of July, 1899, denying the plaintiff's motion for a new trial made upon the minutes.

*J. T. Gridley*, for the appellant.

*F. W. Clifford*, for the respondent.

PARKER, P. J.:

This action is upon a check drawn by the defendant, payable to the order of the plaintiff, for $200, and which recites as follows: "Being $100 in full for money received for sale of two old separators sold for P. M. Sharples, and $100 in full for first payment on new separator."

The defense set up in the answer, in addition to the general denial, is that such separator was sold with a guaranty that it would skim 2,500 pounds of milk an hour, and below one-tenth of one per cent, as shown by the Babcock test; that the separator furnished would not do that work, and that, therefore, defendant had shipped it back to the plaintiff and stopped the payment of the check.

The single question sent to the jury was whether the separator answered that guaranty. If it did, they were instructed that the plaintiff could recover the amount of the check. If it did not, they were instructed that he could recover nothing.

The jury were further instructed that the plaintiff must show, by a fair preponderance of evidence, that the separator would answer such guaranty; that the burden of proof was upon him to show that the machine did skim to the test and amount guaranteed.

To this latter charge the plaintiff excepted, and the question presented here is whether such instruction was erroneous.

The plaintiff proved the execution and delivery of the check, put it in evidence and rested. The defendant then proved the contract of the sale of the separator under the guaranty above stated, which was in writing, and that it had been delivered and received under the same. He also gave evidence tending to show that it would not answer such guaranty, and that he had, therefore, returned the same to the plaintiff.

To this the plaintiff replied by giving evidence tending to show that it was fully up to the guaranty, and that although reshipped to him he had refused to retake it.

Upon such an issue I am of the opinion that the defendant, in order to successfully defend against his liability on the check, had the burden of showing that the separator would not answer the guaranty given.

It is true that the plaintiff held all through the case the burden of showing a consideration for the check. *Prima facie* he had made such proof when he rested his case, and such proof was effectual and ample all through the case, unless the defendant had the right to return the consideration, to wit, the separator, because it would not answer the guaranty.

The rule applicable to such a situation is well stated in *Perley* v. *Perley* (144 Mass. 107), as follows: " Where a party having the burden of proof has given competent *prima facie* evidence of consideration, and the adverse party seeks to meet it, not by producing proof that would negative this proposition, but by establishing another and distinct proposition, the burden of proving the latter proposition is upon him."

In the case at bar the consideration for the check was the sale and delivery of the separator. This the defendant concedes. He gives no evidence to negative that proposition. But he goes on to show that, in addition to such sale and delivery, there was a further contract made by the plaintiff, to wit, a guaranty that the separator would do certain work, and also to show that it would not do such work; and hence he claimed that he had the right to return it and repudiate the sale. Clearly this is another and distinct proposition. The existence of an additional contract and its breach must be established before the consideration of the check is at all challenged or impeached; and clearly, within the rule above cited, the burden of establishing that rests with the defendant.

The cases cited upon this question by the respondent's counsel are not in conflict with this conclusion.

The charge, therefore, was erroneous, and for that reason the judgment must be reversed.

All concurred, except HERRICK, J., dissenting.

Judgment and order reversed and a new trial granted, costs to abide the event.